# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**FILED**

**November 22, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: N.C., L.C., J.C., and A.C.

No. 17-0683 (Taylor County 16-JA-82, 16-JA-83, 16-JA-84 & 16-JA-85)


## MEMORANDUM DECISION


Petitioner Mother S.C., by counsel Malinda Ferris, appeals the Circuit Court of Taylor County's June 21, 2017, order terminating her custodial rights to N.C. and her parental rights to L.C., J.C., and A.C.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Mary S. Nelson, filed a response on behalf of the children in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in adjudicating her as an abusing parent and terminating her custodial rights to N.C. and her parental rights to L.C., J.C., and A.C.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2016, the DHHR filed a petition against petitioner alleging she abused and neglected her three children and another child in her custody, N.C., by exposing them to her live-in boyfriend, D.K., who previously voluntarily relinquished his parental rights to his biological children during abuse and neglect proceedings based upon domestic violence, drug abuse, and mental health issues.[3] The petition also alleged that D.K. had an extensive criminal history. The circuit court held a preliminary hearing at which petitioner stated that she had ended her

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]N.C.'s biological mother's parental rights were terminated prior to the initiation of these abuse and neglect proceedings. N.C. remained in S.C.'s custody until the petition was filed in the current abuse and neglect proceedings. L.C., J.C. and A.C. are S.C.'s biological children.

[3]None of D.K.'s children are at issue in this appeal.

1

relationship with D.K. However, the DHHR presented testimony that petitioner was still living with D.K., as recently as two days prior to the hearing.

In February of 2017, the circuit court held an adjudicatory hearing at which petitioner represented that she was no longer in a relationship with D.K., but that they remained in contact as friends. She also explained that she found D.K. to be an appropriate person with which to have a relationship and that she did not believe her children would be harmed by exposure to him. The circuit court noted that D.K. had sexually molested his niece in 2015 and that there was a protective order entered against him with regard to that child. The circuit court took judicial notice of the molestation as well as his prior abuse and neglect cases, in which extensive findings were made pertaining to his mental health problems and substance abuse issues.

When the circuit court inquired as to a vacation that petitioner and D.K. allegedly took to Savannah, Georgia, petitioner explained that it was a coincidence that they both were in Georgia at the same time. She later stated that she and D.K. planned to meet in Georgia to exchange paperwork. The DHHR presented testimony that petitioner had other issues with parenting unrelated to her relationship with D.K. that needed to be addressed. The DHHR also presented testimony that the children told their caseworker that they had seen D.K. and their uncle snorting drugs in the children's home. The DHHR further expressed concerns with the fact that petitioner did not seem to realize that there was a problem with her children being around D.K. At the conclusion of the hearing, petitioner moved for a post-adjudicatory improvement period, which the circuit court denied. The circuit court found no likelihood that petitioner would be successful in an improvement period inasmuch as she failed to recognize the abuse and neglect she caused to all four of the children by exposing them to D.K. The circuit court found all four of the children were abused and neglected pursuant to West Virginia Code § 49-1-201.

In April of 2017, the circuit court held a dispositional hearing wherein petitioner orally moved for a post-adjudicatory improvement period. However, petitioner declined to present any evidence or testimony on her behalf. The circuit court took judicial notice of the prior evidence, and the DHHR presented additional testimony that petitioner continued her relationship with D.K. The circuit court noted that the children had disclosed drug abuse in their home by D.K. and that D.K. is "mean." The circuit court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that the children's welfare necessitated termination. Ultimately, the circuit court terminated petitioner's custodial rights to N.C. and terminated her parental rights to L.C., J.C., and A.C. in its June 21, 2017, order.[4] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the

---

[4]C.C., the non-abusing father of all four of the children retained his rights. According to the DHHR and the guardian, the children are in their father's custody and the permanency plan is for them to remain there.

evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's proceedings below.

First, petitioner argues that the circuit court erred in adjudicating her as an abusing parent. She argues that she did not engage in any acts of physical, mental, or emotional abuse and that there were no allegations that D.K. directly abused or neglected the children. West Virginia Code § 49-1-201 provides that "'[a]bused child' means a child whose health or welfare is being harmed or threatened by: (A) A parent, guardian, or custodian who knowingly or intentionally inflicts, attempts to inflict or knowingly allows another person to inflict, physical injury or mental or emotional injury, upon the child or another child in the home." West Virginia Code § 49-1-201 also provides that "'[n]eglected child means a child: (A) Whose physical or mental health is harmed or threatened by a present refusal, failure or inability of the child's parent . . . to supply the child with necessary . . . supervision[.]"

Here, the record on appeal shows that petitioner attempted to threaten the health and welfare of the children and failed to supply necessary supervision by allowing D.K. to reside in the home with the children when she knew of his prior abuse and neglect history which resulted in the voluntary termination of his parental rights to his biological children. Furthermore, she chose to continue a relationship with D.K. even after the children were removed from her custody based upon that relationship, and lied to the circuit court about her relationship with D.K. Petitioner's knowledge of D.K.'s history of abuse and neglect and her decision to allow him to reside in the home with the children was sufficient evidence to adjudicate petitioner as an abusing parent. Based on this evidence, we find no error in the circuit court's adjudication of petitioner as an abusing parent.

Petitioner also argues that the circuit court erred in terminating her parental rights and , instead, should have considered a less-restrictive alternative. We disagree. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]"

As discussed above, the record on appeal shows that petitioner threatened the health and welfare of the children and failed to provide them necessary supervision by allowing D.K. to reside in the home with the children. The DHHR presented testimony that D.K. had an extensive criminal history; a history of domestic violence, abuse and neglect; and substance abuse and mental health issues. Further, petitioner was aware of D.K.'s criminal history, continued a relationship with him, and did not see a problem with him being around the children. This court has held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)).

The circuit court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that the children's welfare necessitated termination. As previously stated, pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights upon these findings.

Further, we have previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). For these reasons, we find no error in the circuit court's termination of petitioner's custodial rights to N.C. and the termination of her parental rights to L.C., J.C., and A.C.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 21, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: November 22, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker